UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHEN HOUSTON, | ) Case No. CV 10-4763-VAP(RC) |
| Petitioner, | ) |
| vs. | ) |
| | ) OPINION AND ORDER ON A |
| BRENDA CASH, | ) PETITION FOR HABEAS CORPUS |
| Respondent. | ) |

On June 28, 2010, petitioner Stephen Houston, a state prisoner proceeding pro se, filed a purported habeas corpus petition under 28 U.S.C. § 2254 challenging his prison conditions as violative of the Americans With Disabilities Act.

**DISCUSSION**

Historically, a federal habeas corpus petition may be brought only "when a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment[.]" Preiser v. Rodriguez, 411 U.S. 475, 500, 93 S. Ct. 1827, 1841, 36 L. Ed. 2d 439 (1973); see also Heck

1  v. Humphrey, 512 U.S. 477, 481, 114 S. Ct. 2364, 2369, 129 L. Ed. 2d
2  383 (1984) ("[H]abeas corpus is the exclusive remedy for a state
3  prisoner who challenges the fact or duration of his confinement and
4  seeks immediate or speedier release. . . ."). In other words, habeas
5  corpus "lies to enforce the right of personal liberty; when that right
6  is denied and a person confined, the federal court has the power to
7  release him. Indeed, it has no other power[.]" Faye v. Noia, 372
8  U.S. 391, 430-31, 83 S. Ct. 822, 844, 9 L. Ed. 2d 837 (1963),
9  overruled on other grounds, Coleman v. Thompson, 501 U.S. 722, 111
10 S. Ct. 2546, 115 L. Ed. 2d 690 (1991).

12      Here, the instant petition does not challenge the fact of
13 petitioner's imprisonment or the duration of petitioner's confinement,
14 and petitioner does not claim to have lost any good time credits.[1]
15 Rather, the pending habeas petition challenges the conditions of
16 petitioner's prison confinement, specifically the refusal of prison
17 officials to permanently place petitioner in a "single cell" and
18 petitioner's potential transfer to another prison. Thus, petitioner's
19 challenges are not properly brought in a habeas corpus proceeding, but

---

[1] Habeas corpus jurisdiction also exists when a prisoner seeks "expungement of a disciplinary finding from his record if expungement is likely to accelerate the prisoner's eligibility for parole." Bostic v. Carlson, 884 F.2d 1267, 1269 (9th Cir. 1989); see also Ramirez v. Galaza, 334 F.3d 850, 858 (9th Cir. 2003) ("Bostic does not hold that habeas corpus jurisdiction is always available to seek the expungement of a prison disciplinary record. Instead, a writ of habeas corpus is proper only where expungement is '*likely* to accelerate the prisoner's eligibility for parole.'" (emphasis in original; citation omitted)), cert. denied, 541 U.S. 1063 (2004). Here, although the petitioner has checked a box indicating the petition addresses prison discipline, that is not so.

are more properly brought in a civil rights action.  <u>Preiser</u>, 411 U.S. at 499, 93 S. Ct. at 1841; <u>Badea v. Cox</u>, 931 F.2d 573, 574 (9th Cir. 1991); <u>see</u> <u>also</u> <u>Ramirez</u>, 334 F.3d at 859 ("[H]abeas jurisdiction is absent, and a § 1983 action proper, where a successful challenge to a prison condition will not necessarily shorten the prisoner's sentence.").  However, this Court cannot convert the instant habeas corpus petition into a civil rights action because, among other things, petitioner has not complied with the requirements of the Prison Litigation Reform Act of 1995 ("PLRA").  An action with respect to prison conditions is defined in the PLRA as "any civil proceeding arising under Federal law with respect to the conditions of confinement or the effects of actions by government officials on the lives of persons confined in prison."  18 U.S.C. § 3626(g)(2).  Given this broad statutory definition, the instant petition certainly constitutes an action with respect to prison conditions and, as such, is controlled by the PLRA.  Yet, the petitioner has not complied with the PLRA by, inter alia, submitting appropriate prisoner in forma pauperis information, authorizing the deduction of the filing fee from his prison trust fund, providing a six month certification of petitioner's prison trust fund, and stating a claim on which relief may be granted.  <u>See</u>, <u>e.g</u>, 28 U.S.C. §§ 1915(b), 1915(e)(2), 1997e(a).  Thus, if petitioner seeks to bring a civil rights action, he must file a complaint and comply with the PLRA.

Rule 4 of the Rules Governing Section 2254 Cases in the United States Courts provides that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and

3

direct the Clerk to notify the petitioner." Here, it is clear that petitioner is not entitled to habeas relief.[2] This Court, thus, should summarily dismiss the instant habeas corpus petition.

**ORDER**

IT IS HEREBY ORDERED that Judgment be entered SUMMARILY DISMISSING the petition for writ of habeas corpus.

DATE:  July 13, 2010  

                                   VIRGINIA A. PHILLIPS
                                   UNITED STATES DISTRICT JUDGE

PRESENTED BY:

DATE:   June 29, 2010   

 /S/ ROSALYN M. CHAPMAN
      ROSALYN M. CHAPMAN
UNITED STATES MAGISTRATE JUDGE

---

[2] In light of the improper filing of this matter as a habeas corpus petition, the Court does not address any motions or requests for relief made by petitioner.

R&R-MDO\10-4763.mdo
6/29/10